# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SHAWNA ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>SHUTTERFLY, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-02448-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS DEFENDANTS LIFETOUCH, INC. AND LIFETOUCH SCHOOL STUDIOS, INC. FOR LACK OF PERSONAL JURISDICTION**<br><br>[Re: ECF 22] |

Plaintiff, Shawna Allen, brings this consumer fraud class action against Shutterfly, Inc., ("Shutterfly"), Lifetouch, Inc. and Lifetouch National School Studios, Inc. (together, "Lifetouch" or "Lifetouch entities") arising from the purchase of school portraits. Before the Court is Lifetouch's Motion to Dismiss for Lack of Personal Jurisdiction. Motion, ECF 22.

The Court heard oral arguments on August 14, 2020. For the reasons stated below, the Court GRANTS Lifetouch's Motion WITH LEAVE TO AMEND.

## I. BACKGROUND

Plaintiff resides in Olathe, Kansas and has children who attend schools in the Olathe School District. Complaint ("Compl.") ¶¶ 7, 26, 30, ECF 1-1. Defendants are in the business of selling school pictures, by contracting with schools to provide bi-annual portrait sessions within schools and sell the portraits to students' parents and guardians. *Id.* ¶ 1. Defendants have described themselves as "the national leader in school portraits." *Id.* ¶ 18.

Plaintiff's claims arise from the pictures sold through a "Family Approval" model. Compl. ¶ 2. Under this model, the students' portraits are taken in school; the students are sent home with the portraits (and/or other products printed with the students' pictures); and their parents or

guardians are directed to pay for the products or return them. *Id.* ¶ 26. Parents and guardians are not asked to and do not pre-order the portraits and products. *Id.* ¶ 48. Plaintiff alleges that Defendants sent unordered portraits and/or products home with Plaintiff's children each spring during the past three years under the Family Approval model. *Id.* ¶¶ 29-30.

Plaintiff contends these portraits and products are "unconditional gifts that do not require payment or return." Compl. ¶ 49. According to Plaintiff, the Family Approval model is "illegal, misleading and unconscionable" because it "unfairly pressures" parents into buying the portraits "or risk disappointing their children and/or face embarrassment in front of teachers and school administrators." *Id.* ¶ 54. Plaintiff seeks to represent a class of "[a]ll individuals who received and paid for unordered school portraits and/or products from Defendants within the past four years." *Id.* ¶ 59.

Plaintiff brings the following causes of action under California law: (1) Solicitation of Payment for Unordered Goods in violation of California Civil Code § 1716; (2) Violation of California Civil Code § 1584.5; (3) Violation of the California Consumers Legal Remedies Act, Civil Code § 1750 *et seq.*; (4) Violation of the California Unfair Competition Law, Business and Professional Code § 17200 *et seq.*; and (5) Unjust Enrichment. *See generally*, Compl.

Defendant Shutterfly, Inc. is incorporated in Delaware and has its principal place of business in Redwood City, California. Compl. ¶ 8. Defendants Lifetouch, Inc. and its wholly owned subsidiary, Lifetouch National School Studios, Inc., are Minnesota corporations with their principal place of businesses in Minnesota. *Id.* ¶ 9.

Lifetouch submits, and Plaintiff does not dispute, that there has been a recent corporate restructuring amongst Defendants. *See* Motion at 1 n.1. At the time of Plaintiff's most recent transactions, Shutterfly, Inc. was the parent company of both Lifetouch, Inc. and Lifetouch National School Studios, Inc. *See* Declaration of John Grant ("Grant Decl.") ¶¶ 4–7, ECF 22-1. On October 31, 2019, Shutterfly, Inc. was converted to a limited liability company under Delaware law and renamed Shutterfly, LLC, with its principal place of business remaining in Redwood City, California. *Id.* ¶ 4. On the same day, Lifetouch, Inc. was converted to a limited liability company and then on December 31, 2019, it merged into Shutterfly, LLC. *Id.* ¶ 4. Similarly, Lifetouch

2

1  National School Studios, Inc. was converted into a limited liability company on October 31, 2019
2  and then on December 31, 2019, it was renamed Shutterfly Lifetouch, LLC. *Id.* ¶ 6. Thus,
3  Defendant Lifetouch, Inc. no longer exists. Defendant Lifetouch National School Studios, Inc. is
4  now named Shutterfly Lifetouch, LLC, is organized under the laws of Minnesota and has its
5  principal place of business in Eden Prairie, Minnesota. *Id.* ¶ 6.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(2) authorizes a defendant to seek dismissal of an action for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). "In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). Courts may consider evidence presented in affidavits and declarations in determining personal jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (internal quotation marks and citation omitted).

"Uncontroverted allegations in the complaint must be taken as true, and factual disputes are construed in the plaintiff's favor." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). If, however, the defendant adduces evidence controverting the allegations, the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction," *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986), for a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). Moreover, conclusory allegations or "formulaic recitation of the elements" of a claim are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "Nor is the court required to accept as true allegations that are . . . unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

"When no federal statute governs personal jurisdiction, the district court applies the law of

the forum state." *Id.; see* Fed. R. Civ. P. 4(k)(1)(A) (service of process is effective to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"). "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Cal. Civ. Proc. Code Ann. § 410.10). Constitutional due process, in turn, requires that a defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Freestream Aircraft*, 905 F.3d at 602 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza*, 793 F.3d at 1068 (citing *Daimler AG*, 571 U.S. at 127). General jurisdiction exists when the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG*, 571 U.S. at 127 (internal quotation marks omitted). Where a defendant is subject to general jurisdiction, it may be sued "on any and all claims," *id.* at 137, including claims "arising from dealings entirely distinct" from its forum-related activities, *id.* at 127 (internal quotation marks omitted). By contrast, specific jurisdiction is proper when the defendant's contacts with the forum state are may be more limited but the plaintiff's claims "arise out of or relate to" those contacts. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1786 (2017).

**III.    DISCUSSION**

Lifetouch challenges this Court's personal jurisdiction over Lifetouch entities. Lifetouch argues that the Complaint's factual allegations fail to establish either general or specific jurisdiction as to Lifetouch because Lifetouch entities are undisputedly Minnesota companies and Plaintiff's claims arise from events that occurred entirely in Kansas – where Plaintiff lives, where her children go to school, and where the school portraits at issue were taken and purchased. *See* Motion at 3-5. Lifetouch further contends that jurisdiction cannot be established through Shutterfly, Inc. (the California parent company) because Plaintiff's theory of agency is not sufficiently pled. *Id.* at 5-7.

4

Finally, Lifetouch argues that the forum selection clause in Lifetouch Terms of Service agreement does not waive personal jurisdiction. *Id.* at 7-8.

Plaintiff responds that determination of this Court's personal jurisdiction over Lifetouch is "premature" because "Plaintiff does not know the inner workings of the corporate restructuring or operations of their various entities[.]" Opp'n at 3-4. Plaintiff also argues that the Complaint makes a prima facie case that Lifetouch is subject to the jurisdiction of this Court. *Id.* at 2 (citing Compl. ¶¶ 6, 11, 12, 26, 28). Plaintiff identifies the following paragraphs from the Complaint as factual support for the Court's personal jurisdiction over Lifetouch:

> 6. As a result of Defendants' violations, thousands of individuals throughout the United States including individuals within the state of California received unsolicited portraits of their children that were not ordered or requested. Compl. ¶ 6.
>
> 11. Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant in this action, the agent, employee, representing partner, officer, director, subsidiary, affiliate, parent corporation, successor and/or predecessor in interest and/or joint venture of the remaining Defendants and was acting within the course and scope of that relationship. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified, adopted, approved, controlled, aided and abetted, and/or otherwise authorized the acts alleged herein to the remaining Defendants. Compl. ¶ 11.
>
> 12. This Court has personal jurisdiction over the Defendants because they have purposefully availed themselves of the privilege of conducting business in California insofar as Shutterfly has its principal place of business in the State and Defendants maintain systematic and continuous business contacts with California. Compl. ¶ 12.
>
> 26. Defendants began selling Spring portraits under a "Family Approval" model in some markets, including in the Olathe School District and, on information and belief, other communities throughout the nation including California, whereby portraits and/or products are sent home with students, and their parents and guardians are directed to pay for the portraits and/or products or return them. Compl. ¶ 26.
>
> 28. During the relevant time, Defendants have sold Spring portraits and/or products throughout the country including California under the "Family Approval" model. Compl. ¶ 28.

**A.     General Jurisdiction**

To establish general jurisdiction over a foreign entity, that entity's affiliations with the forum

5

State must be "so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (quotation and alterations omitted). "[I]n the paradigmatic circumstance for exercising general jurisdiction, the corporate defendant is incorporated or has its principal place of business in the forum state." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017). These principles apply equally to limited liability companies. *See Miranda v. R&L Carriers Shared Servs., LLC*, No. 18-CV-04940-TSH, 2018 WL 6199931, at *4 (N.D. Cal. Nov. 28, 2018) (finding no general jurisdiction in California over an Ohio limited liability company with its principal place of business in Ohio).

Here, there is no dispute that both Lifetouch Defendants were Minnesota corporations with their principal places of business in Minnesota. Compl. ¶ 9. And the Complaint is devoid of any facts establishing that Lifetouch was "essentially at home" in California. Even after the corporate restructuring, the remaining Lifetouch entity (Shutterfly Lifetouch, LLC) is organized under the laws of Minnesota and has its principal place of business in Minnesota. Grant Decl. ¶ 6. Plaintiff makes no arguments as to the existence of general jurisdiction. *See generally*, Opp'n. Accordingly, there is no basis on which the Court could find general jurisdiction exists over Lifetouch.

### B. Specific Jurisdiction

Next, Lifetouch argues the Complaint fails to allege a sufficient basis for the Court to exercise specific jurisdiction over Lifetouch. Motion at 4. Lifetouch points out that all events relevant to Plaintiff's claims took place in Kansas: (1) Plaintiff resides in Kansas, (2) her children attend school in Kansas, (3) Lifetouch took their school portraits in Kansas, (4) the unordered portraits were sent to her home in Kansas, and (5) she paid for them in Kansas. Motion at 4-5. Plaintiff responds that the Complaint makes a prima facie case that Lifetouch is subject to the jurisdiction of this Court. Opp'n at 2 (citing Compl. ¶¶ 6, 11, 12, 26, 28).

But the portions of the Complaint Plaintiff cites for establishing prima facie of personal jurisdiction are too conclusory to state a claim. ***First***, Plaintiff alleges "[a]s a result of Defendants' violations, thousands of individuals throughout the United States including individuals within the state of California received unsolicited portraits of their children that were not ordered or requested." Compl. ¶ 6; *see also id.* ¶ 12 ("[O]n information and belief, other communities throughout the nation

including California, whereby portraits and/or products are sent home with students, and their parents and guardians are directed to pay for the portraits and/or products or return them."). But even accepting these allegations as true, there is no connection between **Plaintiff's claim** and any action Lifetouch took in California. It is well established that to confer specific jurisdiction, "it is the named plaintiff's claim that 'must arise out of or result from the defendant's forum-related activities,' not the claims of the unnamed members of the proposed class, who are not party to the litigation absent class certification." *Ambriz v. Coca Cola Co.*, No. 13-CV-03539-JST, 2014 WL 296159, at *6 (N.D. Cal. Jan. 27, 2014). Here, whether unnamed putative class members in California received portraits under the Family Approval model is irrelevant to Plaintiff's claims, which arise from the purchase of her children's school portraits in Kansas.

Moreover, Plaintiff may not plead requisite jurisdictional facts by lumping all Defendants together. This is because for the purposes of determining personal jurisdiction, "the actions of one defendant cannot be attributed to another; instead, plaintiff must satisfy its *prima facie* showing with regard to each defendant." *ADO Fin., AG v. McDonnell Douglas Corp.*, 931 F. Supp. 711, 714 (C.D. Cal. 1996); *see also Skurkis v. Montelongo*, No. 16-cv-0972 YGR, 2016 WL 4719271, at *4 (N.D. Cal. Sept. 9, 2016) (rejecting the grouping of defendants in the jurisdictional allegation and explaining "the Court must determine whether plaintiffs have made a *prima facie* case of personal jurisdiction as to *each* defendant based on each defendant's *own* contacts with California.") (emphasis in original).

***Second***, Plaintiff alleges "[t]his Court has personal jurisdiction over the Defendants because they have purposefully availed themselves of the privilege of conducting business in California insofar as Shutterfly has its principal place of business in the State and Defendants maintain systematic and continuous business contacts with California." Compl. ¶ 12. This allegation is entirely conclusory as to Lifetouch. There is simply no factual basis in the Complaint about Lifetouch's "systematic and continuous business contacts with California" and even if there was, those contact are not alleged to be related to Plaintiff's claim.

"Specific jurisdiction is based on the defendant's connections to the state with regard to the particular controversy at issue." *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,

7

1  No. 16-CV-06391-BLF, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018).  Simply put, Plaintiff's
2  individual claims arise solely from conduct that occurred in Kansas and have no connection with
3  the sale of products in California. Thus, there is no basis for the Court to find specific jurisdiction
4  over Lifetouch.

### C. Agency Theory of Jurisdiction through Shutterfly

Lifetouch also argues that jurisdiction over Lifetouch cannot be established by imputing Shutterfly Inc.'s (or its successor Shutterfly, LLC's) California contacts to Lifetouch under an agency theory.  Motion at 5.

In a conclusory (an illogical) paragraph titled "Agency," Plaintiff alleges "each of the Defendants herein was, at all times relevant in this action, the agent, employee, representing partner, officer, director, subsidiary, affiliate, parent corporation, successor and/or predecessor in interest and/or joint venture of the remaining Defendants[.]"  Compl. ¶ 11.  To establish jurisdiction on the basis of an agency relationship, the plaintiff must state facts showing the defendant "had the right to control" its alleged agent's activities. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025 (9th Cir. 2017). Plaintiff's allegations, however, are a conclusory legal statement unsupported by any facts regarding Shutterfly Inc.'s control over Lifetouch.  Thus, an agency relationship is not sufficiently pled to support a basis for personal jurisdiction. *See Page v. Minnesota Life Ins. Co.*, No. SACV1801208AGKESX, 2019 WL 3059561, at *4 (C.D. Cal. Mar. 11, 2019) (finding no specific jurisdiction based on conclusory assertion of agency not supported by sufficient facts); *see also Williams*, 851 F.3d at 1025 n.5 (declining to credit a conclusory legal statement unsupported by any factual assertion that "Defendants ... were the agents or employees of each other and were acting at all times within the course and scope of such agency and employment ... and are legally responsible because of their relationship with their co-Defendants.").

Plaintiff also asserts that "[e]ach entity files consolidated reports with the SEC," Opp'n at 3 & n.1, in support of her agency theory, but under California law, consolidated reporting does not establish agency for purposes of jurisdiction. *Pitt v. Metro. Tower Life Ins. Co.*, No. 18-CV-06609-YGR, 2020 WL 1557429, at *7 (N.D. Cal. Apr. 1, 2020) (quoting *F. Hoffman-La Roche, Ltd. v. Superior Court*, 130 Cal. App. 4th 782, 801 (2005)); *Evangelista v. Just Energy Mktg. Corp.*, No.

8

SACV1702270CJCSSX, 2018 WL 4850380, at *4 (C.D. Cal. June 11, 2018) ("[T]he cases are unanimous that consolidated reporting is standard business practice and will not support jurisdiction in the absence of evidence establishing an agency relationship.") (citation omitted).

Moreover, even if an agency relationship was sufficiently pled (and it is not), the Complaint still fails to allege any Shutterfly contacts with California that relate to **Plaintiff's claims**. "The existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." *Ranza*, 793 F.3d at 1070; *see also Daimler*, 571 U.S. at 136 (rejecting the notion that a foreign corporation is subject to general jurisdiction whenever it has an in-state subsidiary or affiliate).

Plaintiff argues that she does not know the "inner workings" of Defendants after restructuring. Opp'n at 3. That may be true, but the fact remains that the new Lifetouch entity (Shutterfly Lifetouch LLC) is also a Minnesota company and Plaintiff's claims arise from events that occurred entirely in Kansas. Whatever those "inner workings" are, there are no allegations they are related to Plaintiff's claims and thus do not support a finding of personal jurisdiction.

In short, the Complaint fails to make a plausible claim that Shurretfly Inc.'s or Shutterfly LLC's contacts with California may be imputed to Lifetouch under an agency theory.

### D. Jurisdiction through Forum Selection Clause in the Terms of Service

The forum selection clause in the Lifetouch Terms of Service provides:

> **14. Miscellaneous**
> . . . . Subject to and without waiving or limiting the mandatory Arbitration Agreement set forth in paragraph 16, to the extent you or Lifetouch are before a court (for instance, to enforce an arbitrator's award), you agree to submit to the exclusive jurisdiction of any State or Federal court located in the County of Santa Clara, California, United States of America, and waive any jurisdictional, venue or inconvenient forum objections to such courts.

Exh. 1 to Compl., ECF 1-1 Compl. ¶ 13 (quoting Ex. A at ¶ 14).

Lifetouch argues that this provision does not waive personal jurisdiction because Plaintiff's claims are within the scope of the arbitration agreement and are therefore carved out of the forum selection clause. Motion at 7. "Plaintiff agrees with Defendants that the forum selection clause does not apply[.]" Opp'n at 1, 4. Because the parties are in agreement that the forum selection

clause in Lifetouch Terms of Service is inapplicable to Plaintiff's claims, the Court concludes that the said provision does not confer personal jurisdiction on this Court.

\*\*\*

In conclusion, the Court finds that Plaintiff's factual allegations in the Complaint fail to make a prima facie case for personal jurisdiction as to Lifetouch.

### E.   Jurisdictional Discovery

Plaintiff plans to amend her Complaint to name Shutterfly, LLC (which replaces the now-merged Shutterfly, Inc. and Lifetouch, Inc.) and Shutterfly Lifetouch, LLC (which replaces Lifetouch National Studios, Inc.). Opp'n at 2. Accordingly, Plaintiff argues that "the Court should wait to determine personal jurisdiction until after an amended complaint has been filed naming the current corporate entities and some limited jurisdictional discovery has occurred." *Id.* at 3.

The parties do not dispute that Shutterfly, LLC is a California company and subject to general personal jurisdiction of this Court. That leaves Shutterfly Lifetouch, LLC – which remains a Minnesota company. Thus, the corporate restructuring changes nothing in the Court's analysis of personal jurisdiction. The new Lifetouch entity (Shutterfly Lifetouch, LLC) is a Minnesota limited liability company and Plaintiff's claims arise out of events in Kansas.

And other than not knowing the "inner workings" of the restructured companies, Plaintiff provides no basis, let alone a plan, for her request for jurisdictional discovery. Courts may properly deny jurisdictional discovery where there is insufficient evidence to give rise to more than a "hunch" that discovery will make out a case for exercising personal jurisdiction over a defendant. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Plaintiff's conclusory allegations and arguments supply the Court with nothing but her "hunch" that jurisdictional discovery might reveal facts helpful to her cause. This is not enough.

Moreover, Plaintiff has not "articulated what discovery [she] wish[es] to take, or what [she] believe[s] might be revealed by further discovery." *Mercantile, Inc v. E.I. DuPont De Nemours & Co.*, No. 13-CV-01180-BLF, 2015 WL 4755335, at \*12 (N.D. Cal. Aug. 11, 2015) (denying jurisdictional discovery). Accordingly, on this record, the Court finds highly unlikely that jurisdictional discovery would result in any useful new evidence regarding personal jurisdiction.

Thus, the Court DENIES Plaintiff's request for jurisdictional discovery WITHOUT PREJUDICE to submitting a properly supported request.

### F. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

The Court notes that Plaintiff has articulated no argument, either in her papers or at the Hearing, as to how an amendment might cure the deficiencies in the Complaint as to personal jurisdiction over Lifetouch. There is no dispute that Lifetouch, Inc. and Lifetouch National School Studios, Inc. were Minnesota corporations with their principal places of business in Minnesota. There is also no dispute that Lifetouch, Inc. no longer exists and has merged into the new Shutterfly, LLC, a California company, over which the Court undisputedly has personal jurisdiction. There is also no dispute that Shutterfly Lifetouch, LLC (Lifetouch National School Studios, Inc.'s successor) remains a Minnesota company. Finally, there is no dispute that all events giving rise to Plaintiff's claims occurred in Kansas. The portraits at issue were marketed, taken, delivered, and paid for in Kansas.

In addition, Lifetouch has submitted a declaration stating that Shutterfly (the California Defendant) is an online image publishing platform and "does not take school portraits, under the Family Approval program or otherwise" and "was not involved in the development or implementation of the Family Approval program." Declaration of Stacy Knudson ¶¶ 11-15, ECF 36-1. Accordingly, it appears that it will not be an easy feat for Plaintiff to allege additional facts to state a plausible claim that a Minnesota company's contacts with California gave rise to Plaintiff's

claims about her purchases of school portraits in Kansas. But because this is Plaintiff's first opportunity for an amendment, and because amendments are liberally granted in this Circuit, *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991), the Court GRANTS Lifetouch's Motion WITH LEAVE TO AMEND.

## IV.   ORDER

For the foregoing reasons, the Court GRANTS Lifetouch's Motion to Dismiss for Lack of Personal Jurisdiction at ECF 22 WITH LEAVE TO AMEND. Any amended complaint shall be filed within 30 days of this Order.

Plaintiff's request for jurisdictional discovery is DENIED WITHOUT PREJUDICE. If Plaintiff intends to submit a further request for jurisdictional discovery, she must meet and confer with Defendants and submit a properly supported discovery request and plan not to exceed five (5) pages. If such a request is submitted, Plaintiff may also request an extension to the 30-day deadline for amending her complaint to complete discovery.

Although the Court is allowing Plaintiff leave to amend the complaint, in light of the Court's concurrently-filed Order granting Shutterfly's motion to compel arbitration, Plaintiff can anticipate a similar outcome if the court finds personal jurisdiction over Lifetouch.

**IT IS SO ORDERED.**

Dated: September 14, 2020

BETH LABSON FREEMAN
United States District Judge